IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WILLIAM JERMAINE MULLEN,                              CV. 07-1222-ST

         Plaintiff,                         ORDER TO DISMISS

    v.

CITY OF PORTLAND, DETECTIVE
TRAVIS FIELDS, PORTLAND POLICE
BUREAU, and DICK HANNAH FORD
DEALERSHIP,

         Defendants.

KING, District Judge.

    Plaintiff, an inmate at the Multnomah County Inverness Jail, brings this civil rights action pursuant to 42 U.S.C. §§ 1983, 1985, and 1986. Pursuant to an Order entered by the court, plaintiff was granted leave to proceed *in forma pauperis*. However, for the reasons set forth below, a variety of plaintiff's claims are dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

///

1 - ORDER TO DISMISS

## BACKGROUND

Plaintiff alleges that on August 18, 2005, defendant Fields, a Portland Police Officer, placed him under arrest for an incident unrelated to the basis for the Complaint currently before the court. When Fields searched plaintiff during the arrest, he found a set of BMW car keys and allegedly asked plaintiff how a "young male of African de[s]cent could drive a BMW." Complaint (docket #2), p. 3. Plaintiff claims that Fields then questioned him extensively about the automobile, ultimately located the vehicle, and ordered it towed back to the Dick Hannah Dealership where it had been purchased (presumably by plaintiff).

Plaintiff alleges that he was the target of racial profiling, and that the BMW was seized without due process and in violation of his right to equal protection of the law. He further alleges that he suffered mental and emotional distress and defamation of character arising out of the deprivation of his property. Plaintiff seeks damages totaling $12,200,000.

## STANDARDS

Notwithstanding the payment of any filing fee or portion thereof, the court shall dismiss a case at any time if it determines that:

 (B) the action . . .

  (i) is frivolous or malicious;

2 - ORDER TO DISMISS

> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. §§ 1915(e)(2).

"In federal court, dismissal for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989). In making this determination, this court accepts all allegations of material fact as true and construes the allegations in the light most favorable to the nonmoving party. *Tanner*, 879 F.2d at 576.

In civil rights cases involving a plaintiff proceeding *pro se*, this court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds by WMX Tech., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1998); *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988).

Before dismissing a *pro se* civil rights complaint for failure to state a claim, this court supplies the plaintiff with a statement of the complaint's deficiencies. *McGuckin*, 974 F.2d at

1055; *Karim-Panahi*, 839 F.2d at 623-24; *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623; *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

### I. Claims Arising Under 42 U.S.C. § 1983

A plaintiff wishing to bring a cause of action pursuant to 42 U.S.C. § 1983 must demonstrate compliance with the following factors: (1) a violation of rights protected by the Constitution or created by federal statute (2) proximately caused (3) by conduct of a person (4) acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The Dick Hannah Ford Dealership is clearly not a state actor, and its actions in receiving the BMW back on its lot at the direction of Officer Fields is not sufficient to qualify it as a state actor.

In addition, plaintiff fails to state a claim against the Portland Police Bureau because it is not considered a person for purposes of 42 U.S.C. § 1983. *U.S. v. Kama*, 394 F.3d 1236, 1239-40 (9th Cir. 2005); *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995). Because plaintiff cannot cure this deficiency through amendment,

his § 1983 claims against this defendant are dismissed with prejudice.

Plaintiff also brings this action against the City of Portland. In order to establish municipal liability under § 1983, a plaintiff must ordinarily show that the deprivation of his rights occurred as a result of an official policy of custom, *see Monell v. Department of Social Servs.,* 436 U.S. 658, 690-91 (1978), or that the municipality ratified the unlawful conduct, *see Larez v. City of Los Angeles*, 946 F.2d 630, 646-47 (9th Cir. 1991). Plaintiff makes no such allegation, and therefore fails to state a § 1983 claim against this defendant.

**II. Claims Arising Under 42 U.S.C. §§ 1985 and 1986**

Plaintiff also alleges that defendants' actions violated 42 U.S.C. § 1985. Presumably, plaintiff brings this claim under § 1985(3) which protects against the deprivation of rights and privileges. Under § 1985(3), a conspiracy to deprive another person of rights and privileges occurs when:

> [T]wo or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws.

42 U.S.C. § 1985(3).

Plaintiff may only prevail under § 1985(3) if he can prove that he is: (1) a member of a protected class; and (2) the conspiracy was based on a class-based or other invidiously discriminatory motive. *Griffin v. Breckenridge*, 403 U.S. 88 (1971), *Watkins v. United States Army*, 875 F.2d 699, 722 (9th Cir. 1989) (Norris, J. concurring), *cert. denied*, 498 U.S. 957 (1990).

Based on plaintiff's allegations, there is no reason to believe that the Dick Hannah Ford Dealership conspired to deprive him of his rights based on his membership in a protected class simply because it accepted an automobile back on its lot at the direction of the authorities.[1] Plaintiff therefore fails to state a § 1985 claim against this defendant. For this reason, he also has not stated a § 1986 claim against the Dick Hannah Ford Dealership. *See Cerrato v. San Francisco Cmty. Coll. Dist.*, 26 F.3d 968, 971 n.7 (9th Cir. 1994) ("Section 1986 authorizes a remedy against state actors who have negligently failed to prevent a conspiracy that would be actionable under § 1985.").

## CONCLUSION

Based on the foregoing, plaintiff fails to state a valid § 1983 claim against defendants City of Portland, Portland Police Bureau, and the Dick Hannah Ford Dealership. Plaintiff also fails

---

[1] It is also not credible that the Dick Hannah Ford Dealership would sell plaintiff a car if it were intent on depriving him of it on the basis of his race.

to state 42 U.S.C. §§ 1985 and 1986 claims against defendant Dick Hannah Ford Dealership.  Plaintiff may file an amended complaint within 30 days which cures the deficiencies noted above.  If he does not file an amended complaint within the time allotted, this case shall proceed only on plaintiff's § 1983 claim against defendant Fields, as well as his § 1985 and § 1986 claims against Fields, the City of Portland, and the Portland Police Bureau.

IT IS SO ORDERED.

DATED this __17th__ day of October, 2007.

>            __/s/ Garr M. King__
>            Garr M. King
>            United States District Judge